UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GERALD PITTS,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICERS D. BAUMGARTNER, HARDMAN, SKINNER, LANGFORD, DOES 1-25,<br><br>            Defendants. | No. 2:20-cv-01243 WBS JDP<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

----oo0oo----

Plaintiff filed this action against four California Highway Patrol officers pursuant to 28 U.S.C. § 1983 alleging: (1) excessive force and failure to intervene in violation of the Fourth Amendment, (2) deliberate fabrication of evidence in violation of the Fourteenth Amendment, and (3) malicious prosecution in violation of the Fourth Amendment. (Docket No. 1.) Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service

1

of process, or alternatively, defendants move to dismiss the complaint's second and third claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 9.)  After defendants moved to dismiss, plaintiff moved for leave to amend his complaint to correct the errors noted by defendants' motion to dismiss, dismiss the malicious prosecution claim, and allege a new claim of retaliation.  (Docket No. 13.)

I.   Factual Background

Plaintiff alleges that on July 1, 2018, he was leaving a bar in Vallejo, California to drive home when he noticed that California Highway Patrol ("CHP") officers were parked behind him and then began to follow him.  (Compl. ¶¶ 9-10.)  After some time driving, the CHP officers turned on their lights and plaintiff turned onto the street where he lived and parked in his driveway.  (Id. ¶¶ 12-13.)

Defendant Baumgartner approached plaintiff's car and they spoke for approximately 10 minutes.  (Id. ¶ 14.)  Plaintiff alleges that Baumgartner's attitude escalated as other CHP officers arrived and that Baumgartner began to ask plaintiff incriminating questions about drinking and driving.  (Id. ¶ 15.)  Plaintiff informed the defendants that they could speak to his attorney and offered his attorney's phone number.  (Id. ¶ 16.)

Defendants then told plaintiff he was under arrest and took him out of his car, threw him against it, and put him in a wristlock.  (Id. ¶¶ 17-18.)  Plaintiff' wife came out to the driveway and plaintiff asked defendants if he could give her his attorney's business card.  (Id. ¶ 19.)  Defendants then allegedly threw plaintiff onto the ground and smashed his head repeatedly

2

on the concrete.  (Id. ¶ 20.)  One of the defendants forced plaintiff's wife back into the home.  (Id.)

Plaintiff alleges he was lying on his stomach and handcuffed when defendant Langford yelled, "He's going for my gun, he's going for my gun."  (Id. ¶ 21.)  Plaintiff alleges he was in great fear of his life and asked defendants, "Is that how you do it, is that how you kill us?"  (Id. ¶ 22.)  To which Langford replied, "That's how we do it."  (Id.)  Once they arrived back at the police station, plaintiff alleges defendants joked that they should have shot or tasered him.  (Id. ¶ 24.) Plaintiff was incarcerated in Solano County jail without medical attention.  (Id. ¶ 25.)  After his release, he went to Kaiser Hospital and was diagnosed with a concussion.  (Id.)

Plaintiff was charged with driving under the influence, attempting to take an officer's firearm in violation of California Penal Code section 148(d), and resisting or preventing an officer from performing his duties in violation of California Penal Code section 69.  (Id. ¶ 27.)  After two years, the charges for California Penal Code sections 148(d) and 69 were dismissed. (Id. ¶ 28.)

II.   12(b)(5) Service of Process

Defendants first move to dismiss pursuant to Rule 12(b)(5) for insufficient service of process because plaintiff did not timely serve sufficient process within "90 days after the complaint [was] filed."  Fed. R. Civ. P. 4(m), 12(b)(5).  Here, although the Complaint was filed on June 17, 2020, plaintiff did not serve the summonses and complaint until December 1, 2021. (Decl. of David Yengoyan ¶¶ 2-3 (Docket No. 9-1).)  However, this

delay in service resulted almost entirely from the fact that the Clerk did not issue the summonses until November 9, 2021. (Docket No. 6.) The court accepts full responsibility for the sixteen month delay in issuing the summonses, which apparently resulted from a breakdown in communications between the court and the Clerk's office.

"District courts have broad discretion to extend time for service under Rule 4(m)," and may do so retroactively. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (citing Henderson v. United States, 517 U.S. 654, 661 (1996)); Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Plaintiff acted promptly to serve all defendants within a reasonable time after the court issued summonses. Plaintiff served the summonses and complaint on the Attorney General's Office on December 1, 2021, and by February 14-15, 2022, all the individually named CHP officers were also served. (Decl. of David Yengoyan ¶¶ 2, 6-7.)

Further, the statute of limitations for 28 U.S.C. § 1983 claims arising in California is two years. See Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Therefore, because the incident in this case occurred in 2018, if the court were not to extend the time for service, plaintiff would run the risk of the action being time-barred if he were required to bring his lawsuit anew. See Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995) (district court's order dismissing plaintiff's suit without prejudice for failure to comply with Rule 4(m) left plaintiff in the same position as if the first suit had never been filed, and the second suit filed beyond the statute of limitations was time barred).

4

Moreover, unlike the court in Efaw, this court is not aware of any prejudice to defendants by granting the extension of time for service. See Efaw, 473 F. 3d at 1041. Further, defendants had "actual notice" of this lawsuit as soon as December 1, 2021, when plaintiff served the Attorney General's Office, because defendants' current counsel received the complaint and summonses and worked with plaintiff's counsel to properly effectuate service upon the defendants. (See Decl. of David Yengoyan ¶¶ 2-3.); Efaw, 473 F. 3d at 1041. In sum, the facts of this case weigh strongly in favor of retroactively extending the prescribed time for service of process.

Accordingly, the court will deny defendants' motion to dismiss pursuant to Rule 12(b)(5).

III. 12(b)(6) Failure to State a Claim

Defendants also move to dismiss plaintiff's claims for deliberate fabrication of evidence and malicious prosecution. Plaintiff does not make any argument in opposition to defendants' motion to dismiss these claims. (See Pl.'s Opp'n.)

It is unclear whom plaintiff's deliberate fabrication of evidence is against. Plaintiff's complaint states the claim is "as to Defendant," but does not clarify which defendant. (See Compl. at 7.) The paragraphs within the alleged claim refer alternatively to solely "defendant Langmore"[1] and also all defendants. (See Compl. ¶¶ 32-36.) For example, plaintiff

---

[1] "Langmore" is not a named defendant in this action. Plaintiff may be referring to named defendant Langford, but the court cannot definitively make that assumption given the continuing discrepancies in the complaint.

5

alleges "defendant Langmore, under penalty of perjury deliberately fabricated evidence," but then goes onto state in the same claim that "the conduct of defendants . . . was intended to cause injury," without alleging any conduct by the other defendants.  (Compare Compl. ¶ 33, with id. ¶ 35.)  If plaintiff indeed intends to state a claim for deliberate fabrication of evidence against all defendants, plaintiff alleges no facts in support of such a claim.  At oral argument, plaintiff's counsel agreed that these are deficiencies that must be cured.  Accordingly, the court will grant defendants' motion to dismiss plaintiff's deliberate fabrication of evidence claim.

        Plaintiff's claim for malicious prosecution is brought against all defendants.  (Compl. at 8.)  To state a claim for malicious prosecution, plaintiff must plausibly allege "that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Lacey v. Maricopa Cnty., 693 F.3d 896, 919 (9th Cir. 2012).  However, plaintiff merely alleges the elements of the claim in conclusory terms.  (See Compl. ¶¶ 37-42); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  The complaint includes no factual allegations that all defendants engaged in conduct such as "omitting relevant information, [] including false information, or [] pressing the prosecutor to file charges."  See Newman v. Cnty. of Orange, 457 F.3d 991, 995 (9th Cir. 2006).

        Accordingly, the court will grant defendants' motion to

dismiss plaintiff's claim for malicious prosecution.

IT IS THEREFORE ORDERED that defendants' motion to dismiss the complaint (Docket No. 9) in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's claims (Docket No. 9) for deliberate fabrication of evidence and malicious prosecution pursuant to Federal Rule of Civil Procedure 12(b)(6) be, and the same hereby is, GRANTED.

Plaintiff has twenty days from the date of this Order to file a first amended complaint, in which he is free to include new claims as well as to reallege claims contained in the original complaint, if he can do so consistent with this Order. Because the court grants leave to file an amended complaint consistent with this Order, plaintiff's separate motion for leave to amend (Docket No. 13) is moot.

Dated: June 14, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE