UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GERALD PITTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICERS D. BAUMGARTNER, HARDMAN, SKINNER, LANGFORD, DOES 1-25,<br><br>　　　　Defendants. | No. 2:20-cv-01243 WBS JDP<br><br>MEMORANDUM AND ORDER RE: <u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u> |

----oo0oo----

　　　　Defendants move to dismiss plaintiff's deliberate fabrication of evidence and retaliation claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 22.)

I.　<u>Factual and Procedural Background</u>

　　　　The factual background of this case is described in detail in the court's June 14, 2022 Order (Docket No. 20), which granted defendants' motion to dismiss plaintiff's claims for

1

deliberate fabrication of evidence and malicious prosecution. (Docket No. 9.)  In short, plaintiff was stopped by defendants, California Highway Patrol officers, while driving home from a bar.  (First Am. Compl. ("FAC") ¶¶ 9-12 (Docket No. 21).) Plaintiff alleges that upon informing defendant Baumgartner that he would not answer his questions and that defendants could contact plaintiff's lawyer, defendants told plaintiff he was under arrest and used excessive force on him.  (Id. ¶¶ 16-20.)

Subsequently, plaintiff was charged with driving under the influence, attempting to take an officer's firearm in violation of California Penal Code section 148(d), and resisting or preventing an officer from performing his duties in violation of California Penal Code section 69.  (Id. ¶ 21.)  Plaintiff alleges that defendant Langford submitted a false police report in which it was stated that plaintiff grabbed the handle of Langford's firearm and attempted to take it from him.  (Id. ¶ 22.)  After two years, the charges for California Penal Code sections 148(d) and 69 were dismissed.  (Id. ¶ 24.)

Plaintiff's first amended complaint alleges the following claims: (1) excessive force in violation of the Fourth Amendment against all defendants; (2) deliberate fabrication of evidence in violation of the Fourteenth Amendment against Langford; and (3) retaliation in violation of the First and Fifth Amendments against all defendants.

II. Discussion

    A.   Deliberate Fabrication of Evidence

To state a plausible claim for deliberate fabrication of evidence, plaintiff must "(1) identify the evidence alleged to

2

have been fabricated; and (2) state facts to show that the fabrication was deliberate." Trulove v. City and Cnty. of San Francisco, No. 16-050, 2016 WL 5930634, at *5 (N.D. Cal. Oct. 12, 2016) (citing Bradford v. Scherschligt, 803 F.3d 382, 386 (9th Cir. 2015)). Plaintiff can prove deliberate fabrication "directly, such as by proving that the defendant reported information known to be false." Id. Deliberate fabrication can also be shown by circumstantial evidence that defendant (1) "continued his investigation of the plaintiff even though he knew or should have know that the plaintiff was innocent;" or (2) "used investigative techniques that were so coercive and abusive that he knew or should have known that those techniques would yield false information." Bradford, 803 F.3d at 386.

        Here, plaintiff alleges that Langford "submitted a false police report in which it was stated that the Plaintiff grabbed the handle of his firearm and attempted to take it from him, which Langford knew was false." (FAC ¶ 38.) Plaintiff also alleges that the charges against him based on this statement in the police report were later dismissed. (Id. ¶ 24.) These allegations plausibly state a claim for deliberate fabrication of evidence. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.") (quotations omitted). If the statement that plaintiff grabbed the handle of Langford's firearm and attempted to take it from him is false, all plaintiff can be expected to allege is that it did not happen. That is plausible on its face.[i]

Accordingly, the court will deny defendants' motion to dismiss plaintiff's deliberate fabrication of evidence claim.

B. Retaliation

Plaintiff alleges that defendants retaliated against him for exercising his "First and Fifth Amendment rights to remain silent" "when they deliberately and intentionally threw [him] to the ground and repeatedly slammed his head onto pavement, causing him to suffer a concussion." (FAC ¶ 43.)

Defendants argue that to the extent plaintiff's claim is based upon the Fifth Amendment it fails because his silence was never used against him in a criminal case. (Mot. to Dismiss at 8.) Plaintiff does not disagree with this argument. (See Pl.'s Opp'n at 7-9 (Docket No. 24).) "[A] violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case." Chavez v. Martinez, 538 U.S. 760, 770 (2003). The FAC contains no factual allegations demonstrating that plaintiff's silence was used against him in a criminal case. Accordingly, to the extent that plaintiff's retaliation claim is based upon the Fifth Amendment it will be dismissed.

To bring a First Amendment retaliation claim under § 1983, a plaintiff must allege that (1) he engaged in a constitutionally protected activity; (2) the defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct -- i.e., that there was a nexus between the defendant's actions and

4

an intent to chill speech.  See Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016) (internal citations omitted).  To prevail on such a claim, a plaintiff need only show that the defendant intended to interfere with the plaintiff's First Amendment rights and that he suffered some injury as a result; the plaintiff is not required to demonstrate that his speech was actually suppressed or inhibited.  See id.

Plaintiff has adequately pled a claim of First Amendment retaliation.  Plaintiff alleges that he exercised his right to remain silent and then defendants threw him to the ground and slammed his head onto the pavement.  (FAC ¶ 43.) Plaintiff also establishes the "substantial motivating factor" prong through "evidence of temporal proximity between the protected activity and alleged retaliatory conduct to demonstrate that the defendant[s'] purported reasons for [their] conduct are pretextual or false."  See Ariz. Students' Ass'n, 824 F.3d at 870 (internal citations omitted).  Here, the FAC's factual allegations demonstrate the close temporal proximity between plaintiff informing defendants that he would not answer their questions and that they could contact his lawyer, to when defendants allegedly took plaintiff out of the car and threw him onto the ground.  (FAC ¶¶ 16-20.)

Accordingly, the court will dismiss plaintiff's retaliation claim only to the extent it is based upon the Fifth Amendment.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 22) be, and the same hereby is GRANTED with respect to plaintiff's claim for retaliation to the extent it is

based upon the Fifth Amendment and DENIED in all other respects.

Plaintiff has twenty days from the date this Order is signed to file an amended complaint if he can do so consistent with this Order.

Dated: September 7, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

i   Plaintiff's original complaint (Docket No. 1), contained the following allegation: "After the Plaintiff was already lying on his stomach and handcuffed, it is alleged and believed that Defendant Langford started yelling, 'he's going for my gun, he's going for my gun.'" (Compl. ¶ 21.) Defendants argue that by omitting this statement in the FAC, plaintiff "conveniently deleted allegations . . . that defeats the claim that Defendant Langford knowingly made an untrue statement on the police report," and therefore, due to these "inconsistent" or "contradictory" allegations the claim should be stricken. (Mot. to Dismiss at 5.) The court does not see the omission of that allegation as creating an inconsistency between the original complaint and the FAC. Moreover, regardless of whether the omitted allegation would defeat the claim, "[t]he district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation." PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir. 2007). Absent a showing of bad faith, "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." Id. at 860. Here, there is no showing of bad faith.